

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,713-01

### EX PARTE JOSE LUIS JIMENEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-297-W011216-1327144-A IN THE 297TH DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child and sentenced to eight years' imprisonment. The Second Court of Appeals affirmed his conviction. *Jimenez v. State*, 507 50S.W.3d 438 (Tex. App.—Fort Worth 2016).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he did not discover and present character witnesses. Applicant also contends that the State used, or did not correct, false evidence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*,

466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court has entered extensive findings of fact and conclusions of law. If the trial court determines it is necessary, it shall order trial counsel to provide a supplemental response to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings addressing Applicant's claims that counsel did not discover and present testimony from witnesses willing to testify to Applicant's character and reputation for appropriate behavior with children and his reputation for truthfulness. The trial court shall also make specific supplemental findings addressing the merits of Applicant's false evidence claim. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 3, 2019
Do not publish